(78 Misc. Rep. 96.)

### PEOPLE v. STILWELL et al.

(Supreme Court, Special Term, New York County. October, 1912.)

CORPORATIONS (§ 596*)—LOSS OF CORPORATE POWERS—ACTION BY ATTORNEY GENERAL.

Where a corporation created by Laws 1895, c. 1033, neither organized nor commenced business within two years from the time the act took effect (June 15, 1895), it is subject to General Corporation Law (Consol. Laws 1909, c. 23) § 36, providing that under such circumstances the corporate power of the company shall cease, and the Attorney General may, under Code Civ. Proc. § 1948, subd. 3, sue the corporation for exercising the powers not granted.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2386, 2387; Dec. Dig. § 596.*]

Action by the People against Arthur Stilwell and others. Demurrer to complaint overruled.

Thomas Carmody, Atty. Gen., for the People.
Herbert Noble, of New York City, for defendants.

GOFF, J. The Attorney General brings this action under the Code of Civil Procedure, § 1948, subd. 3:

"The Attorney General may maintain an action upon his own information: * * * 3. Against one or more persons who act as a corporation, within the state, without being duly incorporated; or exercise within the state, any corporate rights, privileges or franchises, not granted to them by the law of the state."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The four defendants are now acting as a corporation, claiming to be entitled thereto by the provisions of chapter 1033 of the Laws of 1895. That act created the Metropolis Finance. Company of New York. It become a law on June 15, 1895, took effect immediately, and on that date the six individuals therein named, their successors, and persons to be associated with them became a corporation. They did not organize within two years thereafter, nor did the corporation commence the transaction of business within that time. Section 36 of the General Corporation Law (Consol. Laws 1909, c. 23) provides that:

"If any corporation, except a railroad, turnpike, plank road or bridge corporation, shall not organize and commence the transaction of business or undertake the discharge of its corporate duties within two years from the date of its incorporation its corporate powers shall cease."

If this section of the General Corporation Law is applicable to the special act of 1895, and if its provisions are self-executing, then, as is evident, the corporation has ceased to exist, and the act of 1895 affords no warrant of authority to these defendants to act as an incorporated body. These questions arise upon demurrer to the complaint.

As to the application of section 36, it may here be noted that there was a similar provision in the Revised Statutes of 1829 (part 1, c. 18, tit. 3, § 7), it being there provided:

"If any corporation hereafter created by the Legislature shall not organize and commence the transaction of its business within one year from the date of its incorporation its corporate powers shall cease."

Chapter 155 of the Laws of 1846 excepted from the terms of that provision:

"Any act incorporating a railroad company which has or shall have in its own provisions the terms and time in which it shall be forfeited for nonuser."

Those provisions were continued by the General Corporation Law of 1890 (chapter 563, § 21), which was amended by chapter 687, Laws of 1892, to its present form. It is a general rule of law that:

"A later statute will not be deemed to repeal or abrogate a former one, unless it covers the entire subject and was plainly intended to furnish the only law upon the subject, and to be a substitute for the former enactment." Matter of Brooklyn, Q. C. & Sub. R. Co., 185 N. Y. 171, 178, 77 N. E. 994.

The act of 1895 does not include all the corporate law applicable to the Metropolis Finance Company of New York, which is therefore subject to the provisions of section 36 of the General Corporation Law, a continuation of an earlier statute. There is nothing in the act of 1895 inconsistent with the provisions of section 36 and to which that section is subject.

There is the further question as to whether noncompliance with the provisions of section 36 of the General Corporation Law terminates the existence of a corporation ipso facto, or whether it merely exposes the corporation to a suit by the Attorney General for a dissolution, after obtaining leave of court. It was said in New York & L. I. Bridge Co. v. Smith, 148 N. Y. 540, 42 N. E. 1088:

"It requires, however, strong and unmistakable language * * * to authorize the court to hold that it was the intention of the Legislature to dispense with judicial proceedings on the intervention of the Attorney General."

The court remarked that in certain cases cited, in which it had been held that statutory provisions for the termination of the corporation were self-executory, those provisions were either "the *existence* and powers of the corporation shall cease," or language equally certain, and held that the provision "all rights, powers and privileges hereby granted shall be null and void" was not self-executing, but that "void" meant "voidable." Section 36 of the General Corporation Law provides for the cessation of corporate powers, without providing expressly for the cessation of corporate existence. But a corporation cannot exist without power. One of its powers is "to have succession." Gen. Corp. Law, § 11. It was said in City of New York v. Bryan, 196 N. Y. 158, 89 N. E. 467:

"When the Legislature enacted that the powers of the corporation should cease, it intended thereby that in the same contingency the franchises conferred on the corporation should cease."

The language of section 36 expresses unmistakably the intention of the Legislature that the existence of a corporation should terminate upon noncompliance with the terms of the section.

But it is not necessary to rest the decision upon that ground, since it is not an essential to the maintenance of the action that the corporation has ceased to exist. All that it is necessary to show is that it has lost its powers. The suit may be brought against persons exercising "any corporate rights, privileges or franchises not granted to them by the law of the state." The defendants are "exercising powers given by the aforesaid chapter 1033 of the Laws of 1895"; that is to say, they are exercising corporate "privileges." Such grant of powers has terminated by failure to organize.

Demurrer overruled.